UNITED STATES DISTRICT COURT
                     DISTRICT OF SOUTH CAROLINA

Thomas Tosai Perkins,                     ) C/A: 6:12-1085-TMC-JDA
                                          )
                Plaintiff,                )
                                          )
vs.                                       ) Report and Recommendation
                                          )
Greenville Probate Magistrate Sauvaine,   )
*aka* Sauvagn, Sauvaign, Sauvaigne,       )
Sauvan, Sauvain, Sauvau; and Debora       )
Faulker, Wife of Sauvaine, Probate        )
Magistrate,                               )
                                          )
                Defendants.               )
                                          )
_____)

Plaintiff, Thomas Tosai Perkins, ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, brings this civil action asking this court to "hear my case and nullify my alleged to be mentally ill status." Complaint, IV. Relief; ECF No. 1, p. 7  Pursuant to 28 U.S.C. §636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) (DSC), this matter is before the assigned United States Magistrate Judge for initial screening. Having reviewed the pleading and the applicable law, the undersigned recommends that this case be summarily dismissed, without prejudice and without issuance and service of process.

### *PRO SE* AND *IN FORMA PAUPERIS* REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915. The review has been conducted in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); and *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978).  The complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to

commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §1915(e)(2)(B)(i), (ii), (iii). Hence, under 28 U.S.C. §1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989).

This court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97, 97 S. Ct. 285 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5, 101 S. Ct. 173 (1980) (per curiam). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't. of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

Plaintiff's *Pro Se* Non-Prisoner Complaint Form includes an attachment, which Plaintiff titles "Petition or application ---- For Writ of Habeaus (sic) Corpus --- Alternative form." Complaint, Application; ECF No. 1, p. 5-6. Therefore, the undersigned's review in

2

this case has also been conducted pursuant to the Rules Governing Section 2254 Cases in the United States District Courts, the procedural provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). This court is required to screen a petition for a writ of habeas corpus to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts.[1]

**BACKGROUND**

Plaintiff alleges that his residence address is "2G: 415 North Main Street/Greenville, S.C. 29601." Complaint, II. Parties, A. Address; Application, ¶ 3; ECF No. 1, p. 2, 5. Plaintiff identifies Defendants as "Greenville Probate Magistrate: Sauvaine" and "wife of Sauvaine: Debora Faulkner: Probate Magistrate."[2] Plaintiff alleges that Defendant

---

[1] *See* Rule 1(b) of Rules Governing Section 2254 Cases in the United States District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

[2] Complaint, II. Parties; ECF No. 1, p. 2. In Plaintiff's "Application" attached to his complaint, Plaintiff refers to himself as "customer" and "petitioner," and refers to Defendant Sauvaine as "respondent," using the terminology of a petition for writ of habeas corpus. Complaint, Application, caption, ¶ 1; ECF No. 1, p. 5. For purposes of consistency in this initial review, and to minimize confusion, the undersigned refers to the parties as Plaintiff and Defendants, just as they are designated on the case docket.

The undersigned takes judicial notice that Defendant Faulkner is Judge Debora A. Faulkner, Probate Judge of Greenville County, South Carolina, and Defendant Sauvaine is Edward M. Sauvain, Associate Probate Judge of Greenville County, South

3

Sauvaine "is [a] Greenville Probate Judge" who "uses whatever city ordinance EX-PARTE to deceptively justify and maintain my disposition as an allegee of mental illness with menacing tendencies." Application ¶ 1; ECF No. 1, p. 5. Plaintiff alleges that

> The petitioner is Thomas Tosai Perkins, petitioner, is and was alleged to be mentally ill by a biased judge, Sauvaugn, regarding a bench warrant for failure to appear, but was changed to a traffic violation. Also, Sauvaine, who was assigned as the probate judge after I told him, per se Kahn, M.D., that I wanted to sever his head and shit down his neck regarding his set-up and cover-up of the bench warrant for failure to appear where I was incarcerated over the weekend and my father Thomas Joseph Perkins paid $500.00 to bail me. However, the record now exists as a traffic violation by Sergeant Hawtley.

Complaint, Application ¶ 2; ECF No. 1, p. 5. Plaintiff alleges that "Petitioner has a right to the Writ of Habeaus (sic) Corpus unless you suspend it. If you do suspend it, then send the stuff to me about it." Complaint, Application ¶ 3; ECF No. 1, p. 5. However, Plaintiff does not allege that he is currently "in custody" within the meaning of 28 U.S.C. § 2254 or 28 U.S.C. § 2241.[3] Instead, he lists his residence address again. *Id.* Plaintiff alleges that

---

Carolina. *See* http://www.judicial.state.sc.us/ (last visited May 30, 2012), the official website of the Supreme Court of South Carolina, and http://www.greenvillecounty.org/probate/Probate_Directory.asp#Sauvain (last visited May 30, 2012), the official website of the Greenville County Probate Court. *See In Re Katrina Canal Breaches Consol. Litig.*, 533 F. Supp. 2d 615, 631-33 & nn.14-15 (E.D. La. 2008) (collecting cases indicating that federal courts may take judicial notice of governmental websites, including court records); *Williams v. Long*, 585 F. Supp. 2d 679, 686-88 & n.4 (D. Md. 2008) (collecting cases indicating that postings on government websites are inherently authentic or self-authenticating).

[3] A state prisoner's sole federal remedies for challenging the constitutional validity of his or her custody are a writ of habeas corpus under 28 U.S.C. § 2254 and possibly, but less commonly, a writ of habeas corpus under 28 U.S.C. § 2241, either of which can be sought only after a petitioner has exhausted state court remedies with regard to the conviction and sentence. *See* 28 U.S.C. § 2254(b); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490-91 (1973) (exhaustion also required under 28 U.S.C. § 2241). Circuit courts are split on whether § 2254 or § 2241 is the proper statute under which a state inmate should proceed when challenging the manner of execution of a state

4

he "has never received any notice of this matter by respondent regarding continuation by Greenville Probate Judge, and believes that petitioner's psychiatrist experiences aggravation by Greenville government assistance, such as medicaid transportation for Petitioner." Complaint, Application ¶ 4; ECF No. 1, p. 5. Plaintiff alleges that "[d]uring the last part of 03/2012, petitioner called Greenville Probate Mental Health Crisis line and RECUSED Sauvaine's order." Complaint, Application ¶ 5; *Id.* Plaintiff alleges that:

> During the beginning of 04/2012, Petitioner informed Greenville City Internal Affairs of guilty pleas under duress by C.B. Powell badge, 533. At Carolina Center for Behavioral Health on or about 09/11/2009, more like, 09/30/2009, petitioner informed Sauvaign of the 09/11/2009 false arrest and attempted murder by: Cpl. Blair who said his name was Bromar, Powell *533, and Paramore. However the guilty plea resulted only in fines waived, not a re-trial, and definitely no police protection by Powell.

Complaint, Application ¶ 6; *Id.* Plaintiff alleges, "I hope and earnestly chant silently as a SGI buddhist that respondent does not refuse to allow me the recuse of his order, as reported to Crisis line on or about 04/01/2012, and established by necessary legal functions." Complaint, Application ¶ 7; *Id.*

---

sentence. The majority view is that § 2254 is the exclusive vehicle for habeas corpus relief by a state prisoner in custody pursuant to a state court judgment, even when the petitioner is not challenging his underlying conviction. *See White v Lambert*, 370 F.3d 1002, 1005 (9th Cir. 2004), overruled on other grounds by *Hayward v. Marshall*, 603 F.3d 546, 553 (9th Cir. 2010). *But see Hamm v. Saffle*, 300 F.3d 1213, 1216 (10th Cir. 2002) (approving of inmates proceeding under § 2241 to challenge execution of state court sentence). The Fourth Circuit noted the split of authority in *Gregory v. Coleman*, No. 06-6646, 2007 WL 570522 (4th Cir. Feb. 20, 2007), but does not appear to have taken a definitive stance to date. In a previous, unpublished opinion, the Fourth Circuit held that a petitioner's § 2254 petition challenging the validity of his confinement under the South Carolina Sexually Violent Predator Act was properly construed by the district court as a § 2241 petition, because the petition was a challenge to a state civil commitment. *Gaster v. S.C. Dep't of Corr.*, 67 F. App'x 821 (4th Cir. 2003). As noted above, under either § 2254 or § 2241, a petitioner must first fully exhaust his or her state remedies before filing a federal habeas petition.

Plaintiff alleges that:

> The Writ of Habeaus (sic) Corpus sought of this case by petitioner is not for the purpose of wrongfully pursuing a legal matter with Greenville EX-PARTE or murder them as a series of excusable homicides as the three city policemen tried; but in the interest of a mentally handicapped man who has been coerced to swallow the jism produced by Greenville EX-PARTE.

Complaint, Application ¶ 8; *Id.* Plaintiff alleges that "[Plaintiff] has not at any time committed a CRIME of his own volition and accordance. So please don't abuse traffic violations of my disposed past as crimes." Complaint, Application ¶ 9; ECF No. 1, p. 6. Finally, Plaintiff alleges "[t]herefore, I request humbly a change in venue to Orangeburg Office and Beufort (sic) County in order to petition for Writ of Habeaus (sic) Corpus so that the correcting of the alleged crimes placed against me by Greenville EX-PARTE has a chance to stick."[4] Complaint, Application p. 2; *Id.*

## DISCUSSION

Plaintiff is barred by the doctrine of absolute judicial immunity from bringing an action, pursuant to 42 U.S.C. § 1983, seeking monetary damages or injunctive relief

---

[4] To the extent that Plaintiff attempts to appeal a criminal conviction entered against him in the City of Greenville's Municipal Court or Greenville County's Magistrate Court or Court of General Sessions, Plaintiff cannot do so in this federal district court. Appeals of state court decisions must be pursued through the state circuit and appellate courts and then directly to the United States Supreme Court. Under 28 U.S.C. § 1257, the United States Supreme Court is the only federal court with general statutory jurisdiction to review state court judgments. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476-82 (1983) (a federal district court lacks authority to review final determinations of state or local courts because such review can only be conducted by the Supreme Court of the United States under 28 U.S.C. § 1257. Since 1988, such Supreme Court review is discretionary by way of a writ of certiorari and is not an appeal of right. *See Ernst v. Child and Youth Servs.*, 108 F.3d 486, 491(3d Cir. 1997). Under provisions conferring jurisdiction on federal district courts, such as 28 U.S.C. §§ 1331, 1332, and 1334, this court's jurisdiction is original, not appellate, and no statute conferring appellate jurisdiction on federal courts of appeals provides for review of state-court decisions.

against Defendants, Associate Probate Judge Sauvain and Probate Judge Faulkner.[5] The doctrine of absolute immunity for acts taken by a judge in connection with his or her judicial authority and responsibility is well established and widely recognized. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991) (judges are immune from civil suit for actions taken in their judicial capacity, unless "taken in the complete absence of all jurisdiction."); *Siegert v. Gilley*, 500 U.S. 226 (1991) (immunity presents a threshold question which should be resolved before discovery is even allowed); *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (absolute immunity "is an immunity from suit rather than a mere defense to liability"); *Stump v. Sparkman*, 435 U.S. 349, 359 (1978) ("A judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors.").

Judicial immunity and quasi-judicial immunity apply in actions seeking injunctive relief, but do not extend to actions seeking declaratory relief. *See Supreme Court of Virginia v. Consumers Union of the United States, Inc.*, 446 U.S. 719, 735-37 (1980) (citing *Gerstein v. Pugh*, 420 U.S. 103 (1975)). The 1996 amendments to § 1983 superseded *Consumers Union* with respect to injunctive relief. *See Arena v. Dep't of Soc. Servs.*, 216 F. Supp. 2d 146, 154 (E.D.N.Y. 2002). 42 U.S.C. § 1983 states in pertinent part:

---

[5] Not itself a source of substantive rights, § 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by "person(s)" acting "under color of state law." *See Jennings v. Davis*, 476 F.2d 1271 (8th Cir. 1973). The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails. *See McKnight v. Rees*, 88 F.3d 417(6th Cir. 1996). As noted, in order to state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: (1) individual defendant(s) deprived him of a federal right, and (2) did so under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *see Hall v. Quillen*, 631 F.2d 1154, 1155-56 (4th Cir. 1980).

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, *except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.*

*Id.* (emphasis added). Because there is no declaratory decree involved and no request for or basis shown for entry of a declaratory judgment in this case, any claim for injunctive relief by Plaintiff against the two judicial officers who are named as the Defendants in this case is statutorily barred. *See Catanzaro v. Cottone*, 228 F. App'x 164 (3d Cir. April 5, 2007); *Esensoy v. McMillan*, No. 06-12580, 2007 WL 257342 (11th Cir. Jan 31, 2007).

The allegations in Plaintiff's complaint indicate that the alleged wrongful acts of Associate Judge Sauvain were judicial acts, performed withing the scope of his duties in proceedings which were within the jurisdiction of the Greenville County Probate Court. Thus, insofar as Plaintiff seeks injunctive relief against Associate Probate Judge Sauvain and Probate Judge Faulkner, Plaintiff's claims are barred by Defendants' absolute judicial immunity.[6]

---

[6] Additionally, with respect to Plaintiff's claim against Judge Faulkner, a review of the complaint reveals that, aside from erroneously identifying her as the "wife of Sauvaine," there are no allegations of any kind, much less of wrongdoing, against her. Under 28 U.S.C. § 1915(e)(2)(B)(i), this court should dismiss an action filed *in forma pauperis* by a plaintiff which is "frivolous or malicious." Because there are no allegations of wrongdoing on the part of Judge Faulkner, Plaintiff's complaint not only fails to state a claim on which relief may be granted by this court, it is "frivolous"as to this Defendant. *See Cochran v. Morris*, 73 F.2d 1310 (4th Cir. 1996) (statute allowing dismissal of *in forma pauperis* claims encompasses complaints that are either legally or factually baseless); *Weller v. Dep't of Social Servs.*, 901 F.2d 387, 389n. 2 (4th Cir. 1990) (dismissal proper where there were no allegations to support claim).

To the extent that Plaintiff characterizes his pleading as a petition or application for a writ of habeas corpus, his allegations fail to establish that this court has jurisdiction to entertain a habeas claim in this case.[7] Plaintiff does not allege that he is currently incarcerated, or involuntarily or unlawfully confined, pursuant to the judgment of a state court, in violation of the constitution, laws or treaties of the United States. Because Plaintiff does not allege that he is in prison, on parole or probation or supervised release, or otherwise detained/restrained, or currently out on bail pending the trial or appeal of any criminal charge, or on bond after conviction and pending execution of sentence, or that he is currently involuntarily civilly committed for mental evaluation or treatment, Plaintiff does not meet the "in custody" requirement of 28 U.S.C. § 2254 or 28 U.S.C. § 2241.[8]

---

[7] Plaintiff does not allege that he is a prisoner and does not seek release from any type of custody. Accordingly, this case has been appropriately docketed as a § 1983 action. However, because Plaintiff has styled the majority of his pleading as a petition for writ of habeas corpus, the undersigned, giving liberal construction to the *pro se* pleading, also reviews it as a habeas petition.

[8] *See* 28 U.S.C. § 2254(a); 28 U.S.C. § 2241 (c); *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987). In *Dickerson*, the Fifth Circuit held that 28 U.S.C. § 2254 applies only to post-trial situations and affords relief only to a petitioner "in custody pursuant to the judgment of a state court". The Fifth Circuit reasoned that, since Dickerson had not been arrested, charged, tried or convicted of any charges by Louisiana, no judgment had been rendered by a Louisiana state court that would provide a federal court with jurisdiction of his petition under section 2254(b). In *Dickerson*, the Fifth Circuit held that a habeas petition is properly filed by a pre-trial detainee under § 2241, which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him or her. *See United States v. Tootle*, 65 F.3d 381, 383 (4th Cir. 1995). The United States Supreme Court has also found "custody" sufficient to invoke the use of the writ of habeas corpus in cases where the petitioner was not actually incarcerated in certain circumstances, such as when a petitioner's freedom of movement lay within the discretion of the government, as when a petitioner is on parole, *Jones v. Cunningham*, 371 U.S. at 243 (1963), awaiting trial on bail, *Hensley v. Municipal Court*, 411 U.S. 345 (1973), or on military reserve status, *Strait v. Laird*, 406 U.S. 341 (1972), or involuntarily civilly committed for mental evaluation/treatment, *Miller v. Blalock*, 356 F.2d 273 (4th Cir.

Plaintiff makes a vague and disjointed allegation concerning "a bench warrant for failure to appear [which] was changed to a traffic violation," alleging that he was incarcerated over an unspecified weekend before his father bailed him out and "now the record exists as a traffic violation." Complaint, Application ¶ 2; ECF No. 1, p. 5. Plaintiff alleges that he "informed Greenville City Internal Affairs" in April 2012, "of guilty pleas under duress" which, apparently, allegedly occurred in September 2009, and also "informed Sauvaign of the 09/11/2009 false arrest and attempted murder by: Cpl. Blair who said his name was Bromar, Powell * 533, and Paramore." Complaint, Application ¶ 6; *Id.* "However," Plaintiff alleges, "the guilty plea resulted only in fines waived, not a re-trial, and definitely no police protection by Powell." *Id.*

Habeas corpus cannot be used to challenge a conviction that resulted only in a cash fine against the defendant. *See Wright v. Bailey*, 544 F.2d 737 (4th Cir. 1976), cert. denied, 434 U.S. 825 (1977).; *Mays v. Dinwiddie*, 580 F.3d 1136, 1139 (10th Cir. 2009) ([T]he payment of restitution or a fine, absent more, is not the sort of significant restraint on liberty contemplated in the custody requirement of the federal habeas statutes.).

---

1966). "[A] state [confinee's] label for his claim cannot be controlling . . . ." *Harvey v. Horan*, 278 F.3d 370, 378 (4th Cir. 2002). Under either § 2254 or § 2241, a petitioner must first fully exhaust his or her state remedies before filing a federal habeas petition. For a § 2254 petitioner, the exhaustion requirement is statutory, pursuant to § 2244(d). Despite the absence of an exhaustion requirement in the statutory language of § 2241(c)(3), a body of case law has developed holding that, while § 2241 establishes jurisdiction in the federal courts to consider habeas corpus petitions, a petitioner must exhaust his state remedies before filing a federal habeas petition, and federal courts should abstain from the exercise of that jurisdiction if the issues raised in a § 2241 petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner in an administrative proceeding, at trial, or on appeal. *See, e.g., Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973).

As noted above in footnote 6, "custody" sufficient to invoke habeas corpus jurisdiction has been found in cases where the petitioner is not incarcerated, for example, where the petitioner was on parole, awaiting trial on bail, on military reserve status, on bond after conviction and pending execution of sentence, or involuntarily civilly committed for mental evaluation/treatment. However, the United States Supreme Court has held that "[t]he custody requirement of the habeas corpus statute makes the writ of habeas corpus a remedy only for severe restraints on individual liberty." *Hensley v. Municipal Court*, 411 U.S. 345, 351 (1973). Despite court decisions which have broadened the concept of "custody" from its earlier, narrower construction as "incarceration," it has not lost all meaning.

> Some form of at least potential physical restraint must be present. Neither economic duress nor psychological restraint is enough. . . . [H]abeas corpus cannot be used to challenge a conviction that resulted only in a cash fine against the defendant. Collateral consequences can save a petition from mootness if the petitioner has been released from custody after the petition was filed, but collateral consequences will not suffice as a basis for jurisdiction in the absence of some form of custody as that term is now understood.

17B Charles Alan Wright, Arthur R. Miller, Edward H. Cooper, Joan E. Steinman, Catherine T. Struve & Vikram David Amar, *Federal Practice and Procedure* § 4262 (3d ed. 1998).

Under either § 2254 or § 2241, even if a federal habeas petitioner satisfies the "in custody" requirement, relief is available only if the petitioner has shown that he or she has exhausted state court remedies to challenge the judgment of conviction, or that special circumstances exist which justify intervention by the federal court prior to a judgment of conviction by a state court. The exhaustion requirement is "grounded in principles of comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights." *Coleman v. Thompson*, 501

U.S. 722, 731 (1991). The United States Court of Appeals for the Fourth Circuit, in *Matthews v. Evatt*, 105 F.3d 907 (4th Cir. 1997), found that "a federal habeas court may consider only those issues which have been 'fairly presented' to the state courts . . . . To satisfy the exhaustion requirement, a habeas Petitioner must fairly present his claim to the state's highest court.

The burden of proving that a claim has been exhausted lies with the Petitioner." *Id.* at 911 (citations omitted), abrogated on other grounds by *United States v. Barnette,* 644 F.3d 192, 205 (4th Cir. 2011).[9] Even if Plaintiff's "Application" sufficiently alleged that he is currently in custody for purposes of establishing federal habeas jurisdiction - which it does not - Plaintiff has not shown that he has exhausted his state court remedies in this case. A review of Plaintiff's "Application" reveals no allegations and no facts demonstrating that Plaintiff has utilized his state court remedies to challenge any alleged confinement or restraint placed on him as a result of any action taken by Defendants or any order of commitment from the Greenville County Probate Court. *See Argoe v. Three Rivers Behavioral Health, L.L.C.*, 392 S.C. 462, 471, 710 S.E.2d 67, 72 (2011) (outlining procedure for timely appeal of involuntary commitment order issued by a probate court). When a habeas petitioner has viable state court remedies which have not been fully utilized, his or her petition should be summarily dismissed for lack of exhaustion. *See*

---

[9] Where a habeas petitioner has failed to exhaust his state remedies and the state court would now find his claims procedurally barred, further exhaustion is not required. *See Coleman v. Thompson*, 501 U.S. 722 735 n.1 (1991). However, the federal court is precluded from hearing a procedurally defaulted claim unless the petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Id.* at 750.

*Galloway v. Stephenson*, 510 F.Supp. 840, 846 (M.D.N.C. 1981) ("When state court remedies have not been exhausted, absent special circumstances, a federal habeas court may not retain the case on its docket, pending exhaustion, but should dismiss the petition.")

Insofar as Plaintiff seeks the issuance of a writ of habeas corpus in this case, Plaintiff's pleading should be summarily dismissed, without prejudice, because it plainly appears from the face of the pleading that this court lacks jurisdiction to hear Plaintiff's claim for habeas relief.

**RECOMMENDATION**

It is recommended that the complaint in this case be summarily dismissed, *without prejudice*, and without issuance and service of process upon Defendants. Plaintiff's attention is directed to the important notice on the next page.

June 1, 2012  
Greenville, South Carolina

s/Jacquelyn D. Austin  
United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).